UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELLEN F. MASON,**

    **Plaintiff,**

                                            Case No. 2:14-cv-853

    v.                                            **JUDGE GREGORY L. FROST**

                                              Magistrate Judge Terence P. Kemp

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss this case for lack of subject matter jurisdiction or, in the alternative, Defendant's motion for summary judgment (ECF No. 16), Plaintiff's memorandum in opposition (ECF No. 18), and Defendant's reply memorandum (ECF No. 19). For the reasons that follow, the Court **GRANTS** the motion.

**I.    BACKGROUND**

Plaintiff alleges that, on January 7, 2011, she was walking into the United States Post Office in New Albany, Ohio. Plaintiff slipped and fell on "slushy ice and snow that had not been properly removed from the sidewalk leading up to the United States Post Office Branch." (ECF No. 1 ¶ 5.) As a result of the fall, Plaintiff broke her ankle and required surgery.

Plaintiff served a claim on the Federal Tort Claims Center seeking redress for the incident. That claim was denied. Plaintiff subsequently filed the present complaint and asserted a negligence claim against the United States.

Defendant now moves to dismiss this claim for lack of subject matter jurisdiction. The Court proceeds to address the parties' arguments below.

1

**II.      ANALYSIS**

Section 1346(b)(1) of the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for personal injury, when the injury is:

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  "[T]he FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.' "  *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) (quoting 28 U.S.C. § 2674).

The Court must look to state law to determine whether a private person would be liable to Plaintiff under these circumstances.  *See, e.g., id.*; 28 U.S.C. § 1346(b)(1).  The parties do not dispute that Ohio tort law applies.

In Ohio, a property owner generally has no duty to protect business invitees from the risks associated with the natural accumulation of ice and snow when those risks are equally apparent to invitees as they are to the property owner.  *See Sidel v. Humphrey, 13 Ohio St. 2d 45, Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St. 2d 38, 41, 227 N.E.2d 603 (1967); *see also Brinkman v. Ross*, 68 Ohio St. 3d 82, 84, 623 N.E.2d 1175 (1993) (stating that, "[o]rdinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises").[1]  The duty is only triggered if the property owner has superior knowledge that the ice and snow on the property are

---

[1] The Court acknowledges that some lower courts have held that Ohio's comparative negligence statute, enacted in 1980, supersedes the rule set forth in *Sidle*.  *See, e.g., LaPlaca v. Brunswick Ambassador Lanes*, 61 Ohio App. 3d 598, 602, 573 N.E.2d 706 (8th Dist. 1988).  Subsequent Ohio Supreme Court decisions, however, confirm the general rule that property owners do not have a duty to remove natural accumulations of ice and snow; the issue is not one of comparative negligence to be reserved for a jury.  *See, e.g., Brinkman*, 68 Ohio St. 3d at 84.

2

substantially more dangerous to the business invitee than the invitee should have anticipated. *See LaCourse v. Fietz*, 28 Ohio St. 3d 209, 210, 503 N.E. 2d 159 (1986) ("It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate.") (citing *Debie*, 11 Ohio St. 2d at 40).

Ohio courts have discussed an exception to this general rule in the landlord-tenant situation if the landlord has contractually agreed to remove snow and ice within a reasonable time. *See Debie*, 11 Ohio St. 2d at 41 (citing *Oswald v. Jeraj*, 146 Ohio St. 676, 67 N.E.2d 779). There exists a similar exception for "actions by passengers against common carriers whose duty to paying passengers is greater than that owned by an owner or occupier of premises to an invitee." *Id*. (citing *Dietrich v. Community Traction Co.*, 1 Ohio St. 2d 38, 203 N.E.2d 344 and *Jones v. Youngstown Municipal Ry. Co.*, 133 Ohio St. 118, 12 N.E.2d 279). Obviously, because this case does not involve an action against a common carrier or against a landlord who had a contractual agreement with Plaintiff, these exceptions do not apply to the facts of this case.

Here, Defendant argues that it had no duty to protect Plaintiff (a business invitee) from the natural accumulation of snow and ice alleged in her complaint. Defendant further argues that the complaint does not contain any facts suggesting that it had superior knowledge of the conditions on its sidewalk at the time Plaintiff slipped and fell.

Plaintiff does not dispute these contentions. Instead, Plaintiff offers one argument in response: that Defendant had assumed a duty similar to the landlord-tenant contractual duty discussed above. Plaintiff argues that "the post office has assumed such a duty as evidenced by the Supervisor's Safety Handbook," which states that Defendant's supervisors "must establish snow and ice removal plans where necessary" and should "[p]ay particular attention to areas

3

where customers and other pedestrians may slip and fall . . . provide for reinspection and cleaning as often as necessary to handle drifting snow and refreezing.  Encourage employees to help provide safe walking and driving services on postal services premises."  Plaintiff states, without citing any authority, that the Supervisor's handbook "creates a duty on the part of the Postal Service."  (ECF No. 18, at PAGEID # 71.)

Plaintiff's argument fails.  The landlord-tenant exception discussed above is limited to situations in which a landlord undertakes a contractual duty to the tenant.  No such contractual relationship exists in this case.  There exists no logical reason to extend the landlord-tenant exception to the general rule to the facts of this case.

The Court accordingly agrees with Defendant that the complaint does not allege facts to support the inference that Defendant had superior knowledge of the icy and snowy conditions where Plaintiff slipped.  The general rule therefore applies.  Because Defendant did not have a duty to remove the ice and snow so as to prevent Plaintiff's injury, it is not liable for negligence under Ohio law, and the FTCA's limited waiver of sovereign immunity does not apply.  This Court therefore lacks subject matter jurisdiction to adjudicate this action.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.  (ECF No. 16).  The Clerk is **DIRECTED** to remove this action from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

4